```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FRANK BJORN XAVIER HELD,**

    **Plaintiff,**

  v.                                    **CIVIL NO. 1:23-CV-59**
                                                        (KLEEH)

**MONONGALIA EMERGENCY MEDICAL**
**SERVICES, INC. et al.**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS**
**AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

Pending before the Court is a motion to dismiss filed by the West Virginia Division of Corrections and Rehabilitation. For the reasons discussed herein, the motion is **GRANTED**.

    **I.    PROCEDURAL HISTORY**

On July 19, 2023, Plaintiff Frank Bjorn Xavier Held ("Plaintiff") filed a complaint in this case. After two motions to dismiss were filed, Plaintiff filed an amended complaint.[1] In the amended complaint, Plaintiff names Defendants Monongalia Emergency Medical Services, Inc. ("Mon EMS"), the City of Morgantown, PFC S. Iambamrung ("Iambamrung"), PFC Fallinger ("Fallinger"), the West Virginia Division of Corrections and Rehabilitation ("WVDOCR"), and John Doe Correctional Officers of

---

[1] The Court then denied the original motions to dismiss as moot. See ECF No. 45.

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS**
**AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

the North Central Regional Jail ("John Doe Correctional Officers") (together, "Defendants").[2] WVDOCR filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed and ripe for review.

## II. FACTS

The following facts are taken from the amended complaint. For the purposes of deciding this motion, the Court assumes that they are true. At all relevant times, Plaintiff was attending West Virginia University for his undergraduate studies. Am. Compl., ECF No. 21, at ¶ 4. On August 20, 2021, Plaintiff was drinking with friends at his apartment. Id. ¶ 16. He realized he had consumed too much alcohol, and he went to his bedroom to rest. Id. ¶ 17. After some time had passed, his friends became concerned about him and called emergency services. Id. ¶ 18. Both the Morgantown Police Department and Mon EMS arrived at the residence. Id. ¶ 19.

The paramedics asked Plaintiff several questions, and he was visibly upset. Id. ¶ 21. Plaintiff recalls one of the Officers telling him that he had two options: (1) go with the paramedics to

---

[2] Plaintiff moved to amend the amended complaint, but the Court denied the request. See ECF No. 59.

Case 1:23-cv-00059-TSK   Document 61   Filed 09/17/24   Page 3 of 11   PageID #: 473

**HELD V. MONONGALIA EMS**                                                              1:23-CV-59

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

the hospital, or (2) be arrested and transported to the police station. Id. ¶ 22. Plaintiff responded by "throwing his arms in the air and making a 'woah' noise." Id. ¶ 23. The officers then arrested him, "rip[ped] him from his bedroom," and took him to North Central Regional Jail ("NCRJ"). Id. ¶ 24.

The reports created by the police and Mon EMS contradict one another. Id. ¶ 29. The police report, written by Iambamrung, states, "Once inside the apartment, officers made contact with the male, later identified as Frank Bjorn Xavier Held, in his bedroom covered in vomit." Id. ¶ 26. The report also states that Plaintiff was extremely intoxicated, yelling, not answering questions, and unable to follow instructions. Id. ¶ 27. The Mon EMS documentation states that Plaintiff refused medical treatment. Id. ¶ 28. It states that "by history and physical examination it was determined" that Plaintiff was "alert and oriented, ha[d] no altered level of consciousness, . . . and ha[d] no evidence of . . . alcohol ingestion that impair[ed] patient decision-making." Id.

Without receiving any medical treatment, Plaintiff arrived at NCRJ. Id. ¶ 30. By this point, Plaintiff was still intoxicated and had become increasingly agitated. Id. He was "snarky" with the correctional officers while they completed his intake. Id.

Case 1:23-cv-00059-TSK   Document 61   Filed 09/17/24   Page 4 of 11   PageID #: 474

**HELD V. MONONGALIA EMS**                                    **1:23-CV-59**

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

¶ 31. In response, the John Doe Correctional Officers took him aside, removed his clothing, and conducted a strip search. Id. ¶ 32. During the search, one of the John Doe Correctional Officers required Plaintiff to turn around and bend over, and then he or she discharged a round of pepper spray inches away from Plaintiff's rectum. Id. ¶ 33. Plaintiff suffered excruciating pain and humiliation. Id. ¶ 34.

Plaintiff was then given a suicide jacket and placed in a room with other similarly dressed individuals. Id. ¶ 35. The next day, Plaintiff's friend posted his bail, and Plaintiff was released. Id. ¶ 36. All criminal charges against him were dismissed, and his record was expunged. Id. ¶ 37. Plaintiff suffered and continues to suffer injuries and damages including, but not limited to, physical pain and discomfort, humiliation, mental anguish, and emotional distress. Id. ¶ 38.

Based on these facts, Plaintiff asserts the following causes of action:

- Count One – Excessive Use of Force (42 U.S.C. § 1983);

- Count Two – Battery;

- Count Three – Unlawful Arrest;

- Count Four – Intentional Infliction of Emotional Distress;

Case 1:23-cv-00059-TSK   Document 61   Filed 09/17/24   Page 5 of 11   PageID #: 475

**HELD V. MONONGALIA EMS**                                    1:23-CV-59

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

- Count Five – Negligent Hiring, Training, and Supervision;

- Count Six – Abuse of Process; and

- Count Seven – Negligence.

### III. STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or

Case 1:23-cv-00059-TSK Document 61 Filed 09/17/24 Page 6 of 11 PageID #: 476

HELD V. MONONGALIA EMS                                         1:23-CV-59

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

the applicability of defenses." Republican Party of N.C. v. MA.R.T.in, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### IV.  DISCUSSION

For the reasons below, the Court finds that all claims against WVDOCR should be dismissed.

#### A.  Count One - Excessive Use of Force (42 U.S.C. § 1983)

Count One alleges that Defendants violated Plaintiff's constitutional rights by unreasonably using excessive force. WVDOCR argues that Count One must be dismissed against it because a section 1983 claim cannot be brought against a state agency.

Under the United States Code,

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983 (emphasis added). The Court agrees with WVDOCR: to the extent that Plaintiff is asserting a claim against WVDOCR under 42 U.S.C. § 1983, it fails as a matter of law. See Will v.

Case 1:23-cv-00059-TSK Document 61 Filed 09/17/24 Page 7 of 11 PageID #: 477

**HELD V. MONONGALIA EMS** 1:23-CV-59

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). Plaintiff does not address this argument in his response. Accordingly, WVDOCR's motion to dismiss is **GRANTED** in this respect, and Count One is **DISMISSED WITH PREJUDICE** against WVDOCR.

**B. Count Two – Battery**

In Count Two, Plaintiff alleges that "WVDOCR and/or North Central Regional Jail is vicariously liable for the actions of the Correctional-Officer Defendants committed within the scope of their employment." Am. Compl., ECF No. 21, at ¶ 62. WVDOCR argues that it cannot be vicariously liable for the alleged battery against Plaintiff because such conduct would be manifestly outside of a correctional officer's scope of employment.

Under West Virginia law,

> If the plaintiff identifies a clearly established right or law which has been violated by the acts or omissions of the State, its agencies, officials, or employees, or can otherwise identify fraudulent, malicious, or oppressive acts committed by such official or employee, the court must determine whether such acts or omissions were within the scope of the public official or employee's duties, authority, and/or employment. To the extent that such official or employee is determined to have been acting outside of the scope of his duties, authority, and/or employment, the State and/or its

Case 1:23-cv-00059-TSK Document 61 Filed 09/17/24 Page 8 of 11 PageID #: 478

**HELD V. MONONGALIA EMS** 1:23-CV-59

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

>agencies are immune from vicarious liability, but the public employee or official is not entitled to immunity in accordance with State v. Chase Securities, Inc., 188 W.Va. 356, 424 S.E.2d 591 (1992), and its progeny. If the public official or employee was acting within the scope of his duties, authority, and/or employment, the State and/or its agencies may be held liable for such acts or omissions under the doctrine of respondeat superior along with the public official or employee.

Syl. Pt. 12, W. Va. Reg'l Jail & Corr. Facility Auth. V. A.B., 766 S.E.2d 751 (W. Va. 2014). Some acts, such as sexual assaults, are "manifestly outside" the scope of a public employee's authority and duties. Id. at 770–71.

Here, Plaintiff alleges that the John Doe Correctional Officers "maliciously and sadistically" sprayed pepper spray on his rectum and that doing so was "not an incident of some other legitimate government purpose." Am. Compl., ECF No. 21, at ¶¶ 48-53. He characterizes the act as a sexual assault. Id. Thus, the alleged actions of the John Doe Correctional Officers are outside the scope of their employment, and the WVDOCR cannot be vicariously liable for the acts. In his response, Plaintiff did not address WVDOCR's arguments, so the Court assumes that he concedes this issue. The Court finds WVDOCR's position to be correct and **GRANTS** the motion to dismiss in this respect. Count Two is **DISMISSED WITH PREJUDICE** against WVDOCR.

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

### C. Count Five – Negligent Hiring, Training, and Supervision

Count Five asserts a claim of negligent hiring, training, and supervision. WVDOCR argues that this claim fails against it because he has not alleged facts indicating how WVDOCR was negligent.

First, as an initial matter, negligent hiring, negligent training, and negligent supervision constitute three separate claims. See C.C. v. Harrison Cnty. Bd. of Educ., 859 S.E.2d 762, 772 (W. Va. 2021). To assert a claim of negligent hiring against WVDOCR, Plaintiff must, at a minimum, allege facts regarding WVDOCR's initial decision to hire the John Doe Correctional Officers or any irregularities attendant to their hiring. See id. at 773 (citing Syl. Pt. 2, Par Mar v. City of Parkersburg, 398 S.E.2d 532 (W. Va. 1990)). He has not. Accordingly, he has failed to state a claim of negligent hiring.

To assert a claim of negligent supervision, Plaintiff must allege that "the [employer] failed to properly supervise [its employee] and, as a result, [the employee] committed a negligent act which proximately caused the appellant's injury." C.C., 859 S.E.2d at 774. When the alleged wrongful conduct by the employee is intentional, as opposed to negligent, it cannot form the basis of a negligent supervision claim against the employer. The same

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS**
**AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

rule applies to a claim for negligent training. Id. Here, the acts alleged to have been committed by the John Doe Correctional Officers constitute intentional conduct. Accordingly, Plaintiff has failed to state a claim for negligent supervision or negligent training against WVDOCR.

For an employer to be liable for negligent retention, the employer must have been able to foresee "the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee." Id. at 776 (citing McCormick v. W. Va. Dep't of Pub. Safety, 503 S.E.2d 502, 506 (W. Va. 1998) (per curiam)). Plaintiff has asserted no factual allegations that the John Doe Correctional Officers engaged in similar behavior before Plaintiff's arrest or any facts that would have put WVDOCR on notice of a possible risk of harm. He has failed to state a claim for negligent retention.

For these reasons, WVDOCR's motion to dismiss is **GRANTED** in this respect, and Count Five is **DISMISSED WITH PREJUDICE** against WVDOCR.

    **D.  Remaining Counts**

Upon review of the amended complaint, the Court agrees with WVDOCR that the remaining counts do not appear to be directed toward WVDOCR and, if they are, do not allege facts sufficient to

**MEMORANDUM OPINION AND ORDER
GRANTING THE WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION'S MOTION TO DISMISS [ECF NO. 22]**

state a claim against it.  Plaintiff did not address the remaining counts in his response.  Accordingly, the motion to dismiss is **GRANTED** as to the remaining counts.  Counts Three, Four, Six, and Seven are **DISMISSED WITH PREJUDICE** against WVDOCR.

## V.   CONCLUSION

For the reasons discussed above, WVDOCR's motion to dismiss is **GRANTED** in its entirety [ECF No. 22], and all claims against WVDOCR are **DISMISSED WITH PREJUDICE**.  The Clerk is directed to **TERMINATE** WVDOCR as a defendant in this civil action.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: September 17, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA